**Mohamed Aslam MOHIDEEN,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

No. 08–73578.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 2011.*

Filed Aug. 9, 2011.

Neda A. Zaman, Esquire, Law Offices of Neda Zaman, Los Angeles, CA, for Petitioner.

David V. Bernal, Assistant Director, Ari Nazarov, OIL, Ali Manuchehry, Esquire, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, IKUTA, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Mohamed Aslam Mohideen, a native and citizen of Sri Lanka, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his claim that the immigration judge ("IJ") erred by failing to advise him to file his own application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We grant the petition for review, and we remand.

Mohideen, a derivative petitioner on his wife's application for asylum, withholding of removal, and CAT relief, contends that the IJ had a duty to advise him of his right to file his own application for relief. In denying Mohideen's claim, the BIA cited to 8 C.F.R. § 1240.11(a)(2). However, the applicable regulation is 8 C.F.R. § 1240.11(c), which imposes on an IJ a duty to advise an alien that he or she may apply for asylum or withholding of removal where the alien has expressed a fear of persecution or harm. *See* 8 C.F.R. § 1240.11(c)(1). Accordingly, we remand for the BIA to consider Mohideen's claim

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

under the appropriate regulation in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

In light of this disposition, we do not reach Mohideen's due process claim.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.